IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MULANA LUMBAN-TOBING,** : | **CIVIL NO. 1:CV-04-0979** |
| **Plaintiff** : | |
| v. : | |
| **JOHN E. POTTER,** : | |
| **Postmaster General;** : | |
| **UNITED STATES POSTAL** : | |
| **SERVICE,** : | |
| **Defendants** : | |

## **M E M O R A N D U M**

Before the court is Defendants' motion for summary judgment. (Doc. 47.) The parties have briefed the issue, and the matter is ripe for disposition. For the reasons that follow, Defendants' motion will be denied.

**I.**     **Background**

    **A.**     **Facts**

The facts are well known to both parties. Thus, the court need not recite the facts in detail. The following facts are relevant to the instant motion. Plaintiff was employed by the United States Postal Service in York, Pennsylvania. (Defs.' Statement of Material Facts ¶ 4.) On January 21, 2002, while on duty, Plaintiff was involved in a vehicle accident. (Defs.' Statement of Material Facts ¶ 9.) Defendants subsequently issued a notice of removal on February 8, 2002. (*Id.*) Plaintiff filed a grievance with his union and sought Equal Employment Opportunity

("EEO") counseling regarding the February 8, 2002 notice of removal.  (*Id*. ¶¶ 11,12.)

On June 4, 2002, Plaintiff, the union, and Defendants settled Plaintiff's grievance by entering into a "last chance agreement."  (*Id*. ¶ 13.)  According to Plaintiff, he was allowed to return to work under the condition that he sign the last chance agreement, thereby waiving his rights to pursue an EEO complaint and to object to the terms and conditions of the last chance agreement.  (Pl.'s Counterstatement of Material Facts ¶ 13.)

Under the terms of the last chance agreement, Defendants agreed to hold Plaintiff's termination in abeyance for one year and to view the time period between March 15, 2002 and June 4, 2002 as a long-term suspension without pay.[1]  (Defs.' Statement of Material Facts ¶ 14.)  The last chance agreement also provided that Plaintiff would attend driving and safety training.  (*Id*. ¶ 15.)  Additionally, the agreement provided that if Plaintiff complied with the terms, the discipline would be removed form Plaintiff's record; however, if Plaintiff violated the terms of the agreement, the February 8, 2002 notice of removal would be effective immediately.  (*Id*. ¶ 16.)

In August 2002, Plaintiff had an unsafe driver observation, use of a cell phone while driving.  (*Id*. ¶ 19.)  According to Plaintiff, the observation violated the terms of the last chance agreement because it was allegedly done without notification

---

[1] Plaintiff contends that the last chance agreement also held his EEO complaint in abeyance for one year. (Pl.'s Counterstatement of Material Facts ¶ 14.) According to Plaintiff, if either party violated the terms of the agreement, the agreement would immediately become void and the parties would be returned to their original positions. (*Id*. ¶ 16.) Plaintiff does not provide any evidence to support his interpretation of the last chance agreement.  Furthermore, the court has examined the last chance agreement and found that there is nothing in the agreement supporting Plaintiff's assertions. (*See* Defs.' Supp. Docs. at 4-6.)

to Plaintiff's union.[2]  (Pl.'s Counterstatement of Material Facts ¶ 19.)  However, Plaintiff does not assert that he sought EEO action nor is there any record indicating that Plaintiff sought EEO action.  (Decl. Linta-Leader, Defs.' Supp. Docs. at 133.)  Defendants assert that Plaintiff was observed again in September 2002 and twice in October 2002.  (Defs.' Statement of Material Facts ¶ 19.)  Again, there is nothing to indicate to the court that Plaintiff sought EEO action with respect to these observations.

According to Defendants, on October 23, 2002, a supervisor observed Plaintiff commit another unsafe driving act, failure to wear a seatbelt.  (*Id*. ¶ 22.)  Plaintiff, on the other hand, contends that he was wearing a seatbelt.  (Pl.'s Counterstatement of Material Facts ¶ 23.)  Plaintiff was issued a notice of removal on October 29, 2002, based upon Defendants' assertion that Plaintiff's alleged failure to wear a seatbelt was a violation of the June 4, 2002 last chance agreement.  (*Id.* ¶ 23.)  Plaintiff's termination became effective on December 6, 2002.

### B.  **Procedural**

Defendants filed a motion to dismiss Plaintiff's §§ 1981 and 1982 claims on September 13, 2004.  Per its October 20, 2004 order, the court granted Defendants' motion.  On December 3, 2004, Defendants filed a motion for partial summary judgment.  The court, in its April 7, 2005 order, granted Defendants' motion.  The remaining issues are whether the December 2002 termination of Plaintiff was (1) based on Plaintiff's national origin and (2) in retaliation for Plaintiff opposing a practice made unlawful by Title VII.  Defendants filed the instant motion for summary judgment on June 6, 2005.

---

[2]Plaintiff does not dispute that he was using a cell phone while operating his vehicle.

**II.**     **Legal Standard: Summary Judgment**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis which would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 249. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985); *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in his complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, he must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23.     "

'Such affirmative evidence – regardless of whether it is direct or circumstantial –

4

must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.' " *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**III.      Discussion**

     **A.      Discrimination**

Plaintiff asserts that his December 2002 termination was unlawfully based upon his national origin. Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) prohibits discrimination based upon race in employment decisions such as hiring, discharge, and promotion. The Supreme Court has established a three-step burden shifting analysis to establish if an employer has discriminated against an individual in the context of employment. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

In *McDonnell Douglas*, the Supreme Court provided that a plaintiff has the initial burden to establish a prima facie case. *McDonnell Douglas Corp.*, 411 U.S. at 802. Once the plaintiff has established a prima facie case, the burden shifts to the defendant to rebut the plaintiff's assertion of discrimination. *Id*. If the defendant is able to produce a legitimate, non-discriminatory reason, the presumption of discrimination fails and the burden once again shifts to the plaintiff to show that the defendant's proffered reasons are pretextual. *Id* at 803.

Defendants do not dispute that Plaintiff has established a prima facie case for discrimination. Defendants assert that on October 23, 2002, a supervisor observed Plaintiff commit an unsafe driving act, failure to wear a seatbelt. According to Defendants, this alleged unsafe driving act qualifies as a legitimate,

5

nondiscriminatory reason for Plaintiff's termination.  However, Plaintiff asserts that he was wearing a seatbelt.  Defendants concede in the reply brief to their motion for summary judgment that a material fact exists as to whether Plaintiff was wearing a seatbelt on October 23, 2002.  According to Defendants, "[a]s such, the Postal Service cannot prevail on its motion for summary judgment as to plaintiff's nationality discrimination claim."  (Defs.' Reply Br. at 6.)  Because a dispute of material fact exists, the court will deny Defendants' motion for summary judgment with respect to Plaintiff's discrimination claim.

### B.     **Retaliation**

Title VII prohibits retaliation against an individual who has opposed any practice made unlawful by Title VII.  42 U.S.C. § 2000e-3.  A claim of illegal retaliation follows the burden shifting analysis of *McDonnell Douglas*.  Plaintiff has the initial burden to make a prima facie case.  *McDonnell Douglas Corp.*, 411 U.S. at 802.  Once the plaintiff has established a prima facie case, the burden shifts to the defendant to rebut the plaintiff's assertion of discrimination.  *Id*.  If the defendant is able to produce a legitimate, non-discriminatory reason, the presumption of discrimination fails and the burden once again shifts to the plaintiff to show that defendant's proffered reasons are pretextual.  *Id* at 803.

To establish a prima facie case for retaliation, Plaintiff must demonstrate that: (1) he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against him; (3) and there was a causal connection between his participation in the protected activity and the adverse employment action. *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1299-1300 (3d Cir. 1997).  With respect to the first element of the prima facie case, Plaintiff alleges that he filed an

EEO complaint. With respect to the second element of the prima facie case, Plaintiff states that he was terminated. Defendants do not dispute the first two elements of Plaintiff's prima facie case; however, Defendants assert that Plaintiff has failed to establish a causal connection between the filing of the EEO complaint and Plaintiff's termination.

To determine if a causal connection exists the court first looks to the temporal proximity of the protected activity and the alleged retaliatory action. The temporal proximity between the "protected activity and the alleged retaliatory action can be probative of causation." *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003). However, "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment as sufficient evidence of causality to establish a *prima facie* case uniformly hold that the temporal proximity must be 'very close[].' " *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).

In the instant case, Plaintiff initiated his EEO action after his February 8, 2002 notice of removal. There is no indication that Plaintiff initiated any other EEO actions or made any other complaints of violations of Title VII until after Plaintiff was issued the final notice of removal on October 29, 2002. Thus, almost nine months passed between Plaintiff's EEO action that related to his February 8, 2002 notice of removal and the issuance of the final notice of removal. The court finds that the temporal proximity between these events is too distant to be suggestive of retaliation.

While Plaintiff cannot establish causation based on temporal proximity, this does not end the court's inquiry. The "mere passage of time is not legally

7

conclusive proof against retaliation." *Robinson v. Southeastern Pa. Transp. Auth.*, 982 F.2d 892, 894 (3d Cir. 1993).  Moreover, the Third Circuit has stated that

> [i]t is important to emphasize that it is causation, not temporal proximity itself, that is an element of plaintiff's *prima facie* case, and temporal proximity merely provides an evidentiary basis from which an inference can be drawn. The element of causation, which necessarily involves an inquiry into the motives of an employer, is highly context-specific. When there may be valid reasons why the adverse employment action was not taken immediately, the absence of immediacy between the cause and effect does not disprove causation.

*Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 178 (3d Cir. 1997).

As stated, Defendants concede that a material fact exists regarding Defendants' proffered reason for terminating Plaintiff; specifically, whether or not Plaintiff was wearing a seatbelt on October 23, 2002.  The court finds that this material fact, while relevant to Defendants' proffered legitimate, nondiscriminatory reason in Plaintiff's discrimination claim, is also relevant to the issue of causation in Plaintiff's retaliation claim.  The Third Circuit has provided that "our cases have recognized, almost in passing, evidence supporting the prima facie case is often helpful in the pretext stage and nothing about the McDonnell Douglas formula requires us to ration the evidence between one stage or the other." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 286 (3d Cir. 2000).  The court in *Farrell* recognized that "by acknowledging that evidence in the causal chain can include more than demonstrative acts of antagonism or acts actually reflecting animus, we may possibly conflate the test for causation under the prima facie case with that for pretext." *Id*.

In *Farrell*, the court noted that the issue of causation in the prima facie test and the question asked during the pretext stage are quite similar. *Id*.  In this case, the question: "Did Plaintiff's termination result from his filing of an EEO action?" is

inextricably intertwined with the question: "Was the explanation for Plaintiff's termination the real reason?" *See Id*. Both questions "should permit inferences to be drawn in order to be answered." *Id*. Put simply, if Plaintiff can show that he was wearing a seatbelt, contrary to Defendants' assertions that he was not, then Plaintiff may be able to create an inference of causation. This is a dispute of material fact that must be put before a jury. Accordingly, the court will deny Defendants' motion for summary judgment with respect to Plaintiff's retaliation claim.

**IV.        Conclusion**

In accordance with the aforementioned reasons the court will deny Defendants' motion for summary judgment. An appropriate order will issue.

                                                                         /s/ Sylvia H. Rambo
                                                                         SYLVIA H. RAMBO
                                                                         United States District Judge

Dated: August 30, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MULANA LUMBAN-TOBING,** | : | **CIVIL NO. 1:CV-04-0979** |
| **Plaintiff,** | : | |
| **v.** | : | |
| **JOHN E. POTTER,**<br>**Postmaster General,**<br>**United States Postal Service,** | : | |
| **Defendants** | : | |

**O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendants' motion for summary judgment (Doc. 47) is **DENIED**.

/s/ Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

Dated: August 30, 2005.